[No. 9960.    Department Two. — June 6, 1888.]

JOHN MAGUIRE ET AL., RESPONDENTS, v. W. C. B. DE FREMERY, EXECUTOR ETC. OF ROSE MAGUIRE, DECEASED, ET AL., APPELLANTS.

GRANT — CONVEYANCE TO WOMAN BEFORE MARRIAGE — SUBSEQUENT CONVEYANCE AFTER MARRIAGE — SEPARATE AND COMMUNITY PROPERTY. — Land conveyed to a woman before her marriage becomes her separate property, and a subsequent quitclaim deed thereof, reciting a money consideration, executed to her after her marriage by the same grantor, does not affect the title previously conveyed, or change the character of the property from separate to community.

APPEAL from an order of the Superior Court of Alameda County granting a new trial.

The facts are stated in the opinion of the court.

*P. J. Van Löben Sels*, and *James M. Haven*, for Appellants.

*Charles F. Hanlon*, for Respondents.

SHARPSTEIN, J. — Appeal from an order granting a new trial.

Action by surviving husband of defendant's testatrix against him and her sole surviving child to quiet the alleged title of plaintiff to a certain lot of land in the city of Oakland. Judgment and decree in favor of defendants. The plaintiffs moved for a new trial, on the grounds: 1. Insufficiency of the evidence to justify the judgment, decree, and findings, and that it is against law; 2. Errors in law occurring at the trial, and excepted to by plaintiff.

The motion was made upon a statement of the case, a bill of exceptions, and the minutes of the court.

The record before us contains a statement on motion for new trial. There is no copy of a bill of exceptions or of the minutes of the court.

The particulars in which the evidence was insufficient to justify the judgment and findings are specified as follows:—

"1. The evidence shows that the property was conveyed to Mrs. Maguire during coverture, for money consideration, which raised the presumption that it was common property, and no evidence whatsoever was introduced to show that any of the moneys paid for said property was not the common property of the parties to the marriage.

"2. No evidence was offered to show that the property was acquired by said Rose Barker as her separate property, or that it was acquired by any money other than common money.

"3. The evidence shows that the estate was common property.

"Errors in law occurring at the trial, excepted to by the plaintiff.

"The court erred in holding that the property was not the common property of Maguire and wife."

The error of law specified is, that "the court erred in holding that the property was not the common property of Maguire and wife."

The evidence contained in the statement is as follows:—

"Plaintiff took the stand and testified:—

"'I married the mother of the defendant, Peter Maguire, on the 21st of September, 1868, in Oakland. Her maiden name was Rose Barker. Defendant Peter Maguire is my only child, and is the issue of said marriage.'

"Plaintiff introduced in evidence a deed in writing of the premises in suit, dated the 10th of November, 1869, from James De Fremery to Rose Maguire, wife of (plaintiff) John Maguire, whereby said James de Fremery, in consideration of the sum of five dollars ($5), gold coin, to James De Fremery in hand then paid by the said Rose Maguire, granted, bargained, sold, remised, conveyed, and quitclaimed to her, said Rose Maguire, the premises in suit, and which deed was recorded at the request of A. G. Lawrie, November 15, 1869, at 8:32, A. M., in Liber 48 of Deeds, pp. 313 and 314, in Alameda County recorder's office.

"Plaintiff rests.

"Defendant offers in evidence a deed from the same James De Fremery to the same woman, Rose Barker, dated 19th of September, 1868, of the premises in suit, whereby said James De Fremery, for and in consideration of the sum of five hundred dollars, gold coin of the United States, to him in hand then paid by said Rose Barker, granted, bargained, sold, conveyed, and confirmed to her, said Rose Barker, the premises in suit, and which deed was recorded at the request of A. G. Lawrie, November 15, 1869, at 8:30, A. M., in Liber 48 of Deeds, pp. 310, 311, in same recorder's office."

The evidence shows beyond a doubt that the lot in controversy was the separate property of Rose Maguire at the time of her death. The conveyance of De Fremery to her before her marriage with the plaintiff is conclusive upon that point. The subsequent conveyance to her by the same grantor did not affect the title conveyed

in the former deed. It certainly did not change the character of the property from separate to community property.

Being unable to discover any sufficient ground for granting a new trial, the order granting it must be reversed.

Order reversed.

McFARLAND, J., and THORNTON, J., concurred.